# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| CHERYL KINGERY,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION and DOES I-V,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:15-cv-00103-PMW<br><br>Chief Magistrate Judge Paul M. Warner |

All parties in this case have consented to Chief Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Plaintiff's First Short-Form Discovery Motion to Compel Discovery and Request for Expedited Hearing (the "Motion").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the Motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 9.

[2] *See* docket no. 23.

## LEGAL STANDARD

The Motion seeks an order compelling production of documents in response to Plaintiff Cheryl Kingery's ("Plaintiff") Requests for Production Nos. 9, 19, and 23. Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

## ANALYSIS

### I. Request for Production No. 9

Request for Production No. 9 requests that Defendant Starbucks Corporation ("Defendant") "[p]roduce any document, manual, or other writing used to train and/or establish safety policies in Defendant's stores, including, but not limited to, any information relating to safety procedures relating to cleaning coffee machines."[3] In response, Defendant produced three equipment cleaning manuals, one safety manual, and two training manuals.[4] Plaintiff subsequently requested that Defendant supplement its response to Request for Production No. 9 with records of safety meetings or trainings, including attendance sheets, and records of safety

---

[3] Docket no. 23 at 15.

[4] *See* docket nos. 24 at 2, 24-1 at 4-5, and 24-2.

assessments, which were referred to in deposition testimony.[5] The court finds that the additionally requested records are encompassed by the original request. Accordingly, the Motion is granted as to Request for Production No. 9. To the extent they exist, Defendant shall produce any records of safety meetings, trainings, and assessments (including attendance sheets) to Plaintiff within fourteen (14) days of the date of this order. If these records do not exist, the Defendant shall produce to Plaintiffs a declaration or affidavit confirming the same and Defendant shall be precluded from using any such documents at trial.

**II.     Request for Production No. 19**

Request for Production No. 19 requests "all employment related documents . . . includ[ing], but not limited to: Employment file; Employment applications; Background checks; Reference Checks; Training verification . . . ; Disciplinary records; Employee evaluations; Incident Reports; Employee complaints; Employment attendance records during the pay/time period surrounding the incident in question."[6] Plaintiff requested these documents for "all employees who were working at the Clinton Starbucks during the twenty-four hours surrounding Plaintiff's alleged incident"[7] as well as for all "individuals responsible for hiring, training, and supervising" those employees.[8] Defendant has produced the employee files of only those employees who were present when Plaintiff was served her coffee, and the employee who may

---

[5] *See* docket no. 23 at 2, 30.

[6] Docket no. 23 at 3, 22.

[7] Docket no. 23 at 2, 21.

[8] *Id.*

3

have cleaned the coffee urns.[9] Defendant has produced no time cards. Instead, Defendant listed the time-period each employee worked in its response to Interrogatory No. 16.[10]

Defendant objects to the request for production of the employee files of those employees who were working at the Clinton Starbucks in the twenty-four hours surrounding the alleged incident as "overbroad, irrelevant, not proportional and requests sensitive, personal and confidential information."[11] And, according to Defendant, its response to Interrogatory No. 16 fulfills its obligation to produce time cards.

Request for Production No. 19 reasonably requests employee files for only those employees who worked within the twelve hours preceding and twelve hours following the alleged incident. The court is also persuaded that Plaintiff's request for the time cards of those same employees, to the extent it seeks only time cards for the shifts worked during the twenty-four hour period surrounding the alleged incident, is relevant, proportional, and not overbroad.

As for Defendant's privacy concerns, the court previously entered the parties' stipulated protective order.[12] The protective order provides that "[a]ny documents, materials, or information . . . to be produced, by or on behalf of any Defendant in this Litigation concerning . . . employee files or any other confidential . . . information shall be designated 'CONFIDENTIAL' . . . ."[13]

---

[9] *See* docket no. 24 at 2.

[10] *See* docket no. 24-7 at 2–5.

[11] Docket no. 24 at 2.

[12] *See* docket no. 14.

[13] *Id.* at 3.

Pursuant to the protective order, "Confidential Information shall be held in strict confidence"[14] and "[o]nly the Parties, their Attorneys, staff, and necessary agents and representatives to the Litigation, shall be allowed access to the Confidential Information."[15] The court concludes that the protective order, which was stipulated to by Defendant, adequately protects any sensitive, confidential, or personal information that may be produced in response to Request for Production No. 19.

For the foregoing reasons, the Motion is granted with respect to Request for Production No. 19. Defendant shall produce all the records requested in Request for Production No. 19, including time cards, under the protective order if necessary, within fourteen (14) days of the date of this order.

### III. Request for Production No. 23.

Request for Production No. 23 requests all documents related to "any other incidents wherein a customer has alleged that a cleaning/sanitizing or other maintenance material/substance utilized by Starbucks resulted in alleged harm."[16] Defendant objects to this request as "overbroad, not proportional, vague, ambiguous, irrelevant and not calculated to lead to the discovery of admissible evidence" and "not limited in time, the type of injury sustained, the type of cleaning substance involved, or the location."[17] Therefore, Defendant limited its

---

[14] *Id*.

[15] *Id*. at 4.

[16] Docket no. 23 at 20, 23.

[17] Docket no. 24 at 3.

response and responded that "there have been no other reported incidents involving Urnex or any other cleaning substance in Utah in the last 8 years."[18]

The court agrees with Defendant that Request for Production No. 23 is overbroad, not proportional, and irrelevant. Defendant's response, on the other hand, is proportional and relevant to the actual claims and defenses involved in the action. *See* Fed. R. Civ. P. 26, Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1) (advising that with respect to the scope of discovery, "the parties and the court should focus on the actual claims and defenses involved in the action"). The court concludes that Defendant has fully responded within the scope of discovery permitted by the Federal Rules of Civil Procedure. Accordingly, with respect to Request for Production No. 23, the Motion is denied.

## **CONCLUSION**

In summary, IT IS HEREBY ORDERED that the Motion[19] is GRANTED IN PART and DENIED IN PART, as detailed above.

IT IS SO ORDERED.

DATED this 23rd day of January, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[18] *Id*.

[19] *See* docket no. 23.